UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES D. SUURMEIER,<br><br>      Plaintiff,<br><br>vs.<br><br>PENNINGTON COUNTY JAIL<br>MEDICAL, nurse at Pennington County Jail,<br>in official capacity,<br><br>      Defendant. | 5:26-CV-05026-CBK<br><br>ORDER |

Plaintiff, a detainee at the Pennington County Jail, filed a *pro se* complaint along with a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Plaintiff is unable to pay an initial filing fee. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

The Prison Litigation Reform Act requires the Court to conduct a screening pursuant to 28 U.S.C. § 1915A(b) when a prisoner seeks redress against a government employee. The Court is required to dismiss a case filed without the prepayment of filing fee if it determines that the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). I am required to liberally construe plaintiff's complaint and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).

Plaintiff contends that defendant is employed as a nurse at the Pennington County Jail who committed malpractice and ignored plaintiff's medical needs "such as allergies

& simple things like cold & cough meds, for one week straight." Plaintiff further alleges "Feb 1st I came to the jail with a concussion & they ignored my request to be seen by a provider, so upon release I had to go to the ER on my own." Plaintiff contends that defendant violated his "right to be treated medically.

Construing plaintiff's complaint very liberally, plaintiff's complaint claims defendant was deliberately indifferent to his serious medical need in violation of the Eighth Amendment to the United States Constitution. "It is clear that a pretrial detainee has a constitutional right to adequate medical care while in custody." Presson v. Reed, 65 F.4th 357, 365–66 (8th Cir. 2023) (quoting Dadd v. Anoka County, 827 F.3d 749, 756 (8th Cir. 2016)). "A pretrial detainee's deliberate indifference claim is governed by the Fourteenth Amendment, which extends to detainees at least the same protections that convicted prisoners receive under the Eighth Amendment." Smith-Dandridge v. Geanolous, 97 F. 4th 569, 575 (8th Cir. 2024) (quoting Perry v. Adams, 993 F.3d 584, 587 (8th Cir. 2021)). The deliberate-indifference standard that governs claims brought by convicted inmates under the Eighth Amendment is applicable to deliberate indifference claims brought by pretrial detainees under the Fourteenth Amendment. Jackson v. Buckman, 756 F.3d 1060, 1065 (8th Cir. 2014).

The United States Supreme Court has instructed:

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Estelle v. Gamble, 429 U.S. 97, 105–06, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976). The deliberate indifference "standard involves both objective and subjective analyses." Troupe v. Young, 143 F.4th 955, 968 (8th Cir. 2025).

2

> To meet the objective component, [plaintiff] must plead facts sufficient to demonstrate [plaintiff] suffered from an objectively serious medical need. To be objectively serious, a medical need must have been diagnosed by a physician as requiring treatment or must be so obvious that even a layperson would easily recognize the necessity for a doctor's attention. The subjective component requires [plaintiff] to plead facts sufficient to show that the [defendant] subjectively knew of [plaintiff's] serious medical need and deliberately disregarded that need. This showing requires a mental state akin to criminal recklessness.

Troupe v. Young, 143 F.4th at 968–69 (internal citations and quotation marks omitted). "Merely demonstrating that a prison doctor committed medical malpractice is insufficient to establish deliberate indifference." Jackson v. Buckman, 756 F.3d 1060, 1065–66 (8th Cir. 2014). "An inmate must demonstrate that a prison doctor's actions were 'so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care.'" Jackson v. Buckman, 756 F.3d at 1066.

Applying the above standards, I find that plaintiff's complaint fails to sufficiently allege a constitutional violation. Plaintiff's allegation that he was denied allergy, cold, and cough medications does not rise to the level of deliberate indifference to a serious medical need. Plaintiff's claim that he was not treated for a concussion does not satisfy the pleading requirements. Plaintiff has not alleged that defendant knew of any serious medical need of the plaintiff or failed to act with a sufficiently culpable state of mind.

Plaintiff claims that he "came to the Jail" on February 1, presumably in 2026. His complaint was signed March 11, 2026. The records of the South Dakota Unified Judicial System, accessible at https://ecourts.sd.gov, of which I take judicial notice, show that plaintiff was arrested on February 1, 2026, and charged with domestic violence, Pennington County, South Dakota, case 51CRI26-000551. An initial appearance was held on February 3, 2026, following which defendant was released on a personal recognizance bond. Plaintiff was arrested on February 24, 2026, and charged with violation of a protection order, Pennington County Case 51CRI26-000858. On February 26, 2026, he was charged with violating a protection order and violating the no contact order which was a condition of his February 3, 2026, release. Initial appearances were

3

held in those cases on February 25, 2026, and plaintiff was released on a personal recognizance bond on March 27, 2026. Petitioner filed the complaint while he was in custody on the second and third case. Petitioner was arrested on April 16, 2026, and charged with violating a protection order involving a different complainant, Pennington County case 51CRI26-001739. He was released on a cash bond on April 17, 2026.

It is clear that plaintiff's deliberate indifference claim concerns the few days he was in custody arising out of his February 1, 2026, arrest and detention. This short time frame, together with the lack of any claim that the defendant knew plaintiff had a serious medical need and intentionally refused to provide medical care for a known serious medical need warrants dismissal under 28 U.S.C. § 1915A(b) for failure to state a claim.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 2, to proceed *in forma pauperis* without the payment of the filing fee is granted.

2. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

3. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.

4. This matter is dismissed with prejudice and without costs pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal constitutes a first strike pursuant to 28 U.S.C. § 1915(g).

DATED this 27th day of April, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4